**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| B.M.H., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 3:21-CV-104-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

_____

## <u>ORDER</u>

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for supplemental security income and disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations.  Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  All administrative remedies have been exhausted.  Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of final judgment directly appealable to the Eleventh Circuit of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance.  If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks omitted).  The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2]  The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam).  The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic."  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits or supplemental security income must demonstrate that they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments or supplemental security income, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*., 416.101 *et seq.*

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(1). First, the Commissioner determines whether the claimant is working. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled. *Id.* §§ 404.1520(b), 416.920(b). Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A claimant must have a "severe impairment" which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c). Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the regulations (the "Listing"). *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Fifth and

finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In arriving at a decision, the Commissioner must consider the combined effects of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* §§ 404.1523(c), 416.923(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits and supplemental security income on May 7, 2019, alleging that she became disabled to work on August 27, 2018. Tr. 40. Plaintiff subsequently amended her onset date of disability to January 14, 2019. *Id.* Her claims were denied initially on September 10, 2019, and upon reconsideration on March 18, 2020. She timely requested an evidentiary hearing before an ALJ, and one was held on March 5, 2021. Plaintiff appeared at the hearing with her attorney and gave testimony, as did an impartial vocational expert ("VE"). On April 5, 2021, the ALJ issued an unfavorable decision denying Plaintiff's applications. Tr. 37-65. Plaintiff next sought review by the Appeals Council but was denied on July 7, 2021. Tr. 1-3. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her applications for benefits. Her case is ripe for review. 42 U.S.C. §§ 405(g), 1383(c)(3).

## STATEMENT OF FACTS AND EVIDENCE

On the date she alleges she became disabled to work, Plaintiff was thirty-eight years old and defined as a "younger individual" under the Commissioner's regulations.  Finding 7, Tr. 58; 20 C.F.R. §§ 404.1563, 416.963.  In conducting the five-step sequential analysis of her claims for disability, the ALJ found, at step two, that Plaintiff had severe impairments of degenerative disc disease, neuropathy, obesity, headache, depression, anxiety, and post-traumatic stress disorder.  Finding 3, Tr. 42-43.  At step three, the ALJ determined that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set out in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Finding 4, Tr. 43-46.  Between steps three and four the ALJ established that Plaintiff retains the RFC to engage in a restricted range of light work with exertional, nonexertional, postural, and environmental limitations.  Finding 5, Tr. 46-58.  At step four, the ALJ found this restricted RFC prevents Plaintiff from returning to her past relevant work as a security guard, building maintenance supervisor, and mail carrier.  Finding 6, Tr. 58.  Proceeding to step five, the ALJ established through testimony of the VE that Plaintiff retains the RFC to work in light, exertional jobs as an officer helper or production assembler and in sedentary, exertional jobs as a circuit board assembler, table worker, or final assembler and that these jobs are available to her in the national economy.  Finding 10, Tr. 58-60.  The ALJ, therefore, found Plaintiff to not be disabled to work.  Finding 11, Tr. 53.

## DISCUSSION

Plaintiff's sole contention of error is that the ALJ failed to "adequately evaluate the

5

supportability and consistency" of the opinion of an "examining psychologist."  Pl.'s Br.

1, ECF No. 12.  In essence, Plaintiff seeks to have the Court reweigh the evidence, which

is forbidden.  *Moore*, 405 F.3d at 1211.  Rather, the Court is required to defer to the

Commissioner whenever his factual findings are supported by substantial evidence—even

if the evidence preponderates against those findings. *Cornelius v. Sullivan*, 936 F.2d 1143,

1145 (11th Cir. 1991).  As the United States Supreme Court has recently cautioned, when

conducting the statutorily mandated judicial review of a final decision by the

Commissioner, lower courts must remember that the substantial evidence standard "is not

high."  *Biestek v. Berryhill*, --U.S.--, 139 S.Ct. 1148, 1155 (2019).  Plaintiff has not

overcome these considerable strictures on the Court's role in judicial review.

Plaintiff argues the ALJ failed to provide a reasoned explanation for finding the

opinion of psychologist, Dr. Ralph Allsopp, unpersuasive.  Pl.'s Br. 12.  However, the ALJ

specifically found and stated that Dr. Allsopp's opinion "is not consistent with the overall

medical evidence of mental status exams."  Tr. 56.  He did so after weighing the evidence

which showed that Dr. Allsopp's opinion "appears to be supported by the examination

itself."  *Id*.  This is a clear example of factfinding which is the function of the Commissioner

and the administrative process, not the courts.  *Martin v. Sullivan*, 894 F.2d 1520, 1529

(11th Cir. 1990).  The ALJ's discussion of the evidence from Dr. Allsopp is thorough and

occurs in two separate parts of his written decision.  Tr. 45-46, 52-56.  To reverse or remand

here would run afoul of the Eleventh Circuit's admonition that failure of a reviewing court

to give "substantial deference to the Commissioner's decision" is improper.  *Dyer*, 395

F.3d at 1212 (11th Cir. 2005).

## CONCLUSION

For the reasons stated above, the final decision of the Commissioner of Social Security that Plaintiff is not disabled is AFFIRMED.

SO ORDERED, this 25th day of July, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE